NO.  07-09-0396-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 23, 2010

_____

CARLOS TIJERINA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 4162; HONORABLE FELIX KLEIN, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.


**ORDER**


Appearing *pro se*, Carlos Tijerina filed a document with this court that we mistakenly treated as a notice of appeal.  Tijerina subsequently filed a document explaining his original filing was intended to place us on notice of a potential appeal if he received an unfavorable ruling on matters pending in the trial court.  Questioning our jurisdiction, we offered Tijerina and the State an opportunity to address the issue further.  Neither responded.

Our appellate jurisdiction in a criminal case extends to judgments and appealable orders. *See* Tex. Code Crim. Proc. art. 44.02 (Vernon 2006) ("[a] defendant in any criminal action has the right of appeal under the rules hereinafter prescribed"); Tex. R. App. P. 25.2(a)(2) (a defendant "has the right of appeal under Code of Criminal Procedure article 44.02 and these rules" which the trial court shall certify each time it "enters a judgment of guilt or other appealable order"). Otherwise, we lack appellate jurisdiction. In some circumstances, a premature notice of appeal may be effective to invoke appellate jurisdiction. *See* Tex. R. App. P. 27.1(b). However, this is not such a case. According to the correspondence Tijerina filed, the trial court has not yet ruled on matters he presented to that court for determination.

Finding we lack jurisdiction of this appeal, it is dismissed.

It is so ordered.

Per Curiam

Do not publish.

2